UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Cody Wenzel

    v.                                Civil No. 11-cv-335-JD

National Union Fire Insurance
Company of Pittsburgh, PA, and
National Grange Mutual Insurance Company

    and

National Union Fire Insurance Company
of Pittsburgh, PA

    v.                                Civil No.  11-cv-303-JD

National Grange Mutual Insurance Company
and Cody A. Wenzel


O R D E R

On June 2, 2011, Cody Wenzel brought suit in state court against Great Lakes Hydro America, LLC after he was injured while working on a piece of machinery, a Rack Rake, at Great Lakes.[1] The suit was removed to this court from Coos County (New Hampshire) Superior Court.[2] Great Lakes then filed a third-party complaint in that case against Wenzel's employer, Daniels Landscaping, LLC.

---

[1]Great Lakes Hydro America, LLC is also known as and does business as Brookfield Renewable Power.

[2]Wenzel v. Great Lakes Hydro America, LLC, 11-cv-327-JL (D.N.H. removed July 5, 2011) (personal injury action).

National Union Fire Insurance Company of Pittsburgh, PA, ("NUFIC") insured Great Lakes under a commercial general liability policy. National Grange Mutual Insurance Company ("NGMIC") insured Daniel's Landscaping under a commercial general liability insurance policy. In response to Wenzel's personal injury claim against Great Lakes, asserted prior to bringing suit, NUFIC provided a defense to Great Lakes and tendered Wenzel's claim of $625,000 to NGMIC. NGMIC denied any obligation to defend or indemnify Great Lakes.

NUFIC brought a declaratory judgment action against NGMIC and Wenzel in this court, seeking a determination of the rights and obligations of NUFIC and NGMIC with respect to Wenzel's claims in the personal injury action against Great Lakes and as to each other.[3] Wenzel brought a declaratory judgment in state court against NUFIC and NGMIC, seeking a declaration that either NUFIC or NGMIC is liable to provide coverage for his claims in the personal injury action. Wenzel's suit was removed to this court.[4]

---

[3]National Untion Fire Insurance Company of Pittsburgh, PA v. National Grange Mutual Insurance Company and Cody Wenzel, 11-cv-303-JD (D.N.H. filed June 23, 2011).

[4]Wenzel v. National Union Fire Insurance Company of Pittsburgh, PA, and National Grange Mutual Insurance Company, 11-cv-335-JD (D.N.H. removed July 11, 2011).

Because Wenzel's declaratory judgment action is referenced in his personal injury action as a related case, the clerk's office entered an order of potential consolidation in both cases, stating that unless counsel objected by August 26, 2011, the cases would be consolidated.  NUFIC filed a motion, with NGMIC's assent, to consolidate the two declaratory judgment actions.  NUFIC, NGMIC, and Great Lakes object to consolidating Wenzel's declaratory judgment action with the personal injury action.  Wenzel objects to NUFIC's motion to consolidate his declaratory judgment action with NUFIC's declaratory judgment action.

## Standard of Review

The court may consolidate two or more pending actions which share a common question of law or fact, in appropriate circumstances.  Fed. R. Civ. P. 42(a).  In deciding whether to consolidate actions, the court considers the benefits of eliminating unnecessary repetition and confusion and also the potential for unfair prejudice.  See, e.g., Horizon Asset Mgmt. Inc. v. H & R Block, Inc., 580 F.3d 755, 768 (8th Cir. 2009); Bristol-Myers Squibb Co. v. Safety Nat'l Cas. Corp., 43 F. Supp. 2d 734, 745 (E.D. Tex. 1999).  Whether or not to consolidate actions is committed to the court's discretion.  E.E.O.C. v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998).

Discussion

The potential consolidation order pertains to consolidating Wenzel's personal injury action, 11-cv-327-JL, with his declaratory judgment action, 11-cv-335-JD.  NUFIC, NGMIC, and Great Lakes oppose consolidation of those cases.  Wenzel filed a "Response" to the potential consolidation order, which is unclear as to whether he objects to consolidation or not.  NUFIC moves to consolidate the two declaratory judgment actions, 11-cv-303-JD and 11-cv-335-JD.  Only Wenzel opposes NUFIC's motion.

I.   Potential Consolidation Order

Wenzel's declaratory judgment action requires the interpretation of insurance policies, which is a legal question based on contract law principles.  See, e.g., Progressive N. Ins. Co. v. Argonaut Ins. Co., 161 N.H. 778, 781 (2011).  The personal injury action is based on tort law.  As such, the cases do not share common legal questions.  See, e.g., Lancer Ins. Co. v. Hitts, 2010 WL 2867836, at *4 (M.D. Ga. July 20, 2010); Monticello Ins. Co. v. Kendall, 1997 WL 557326, at *2 (D. Kan. Aug. 29, 1997) (noting impropriety of consolidating insurance coverage case with underlying personal injury action).

As the objecting parties point out, the lack of common legal issues and a variety of other differences between the personal

injury case and Wenzel's declaratory judgment action weigh against consolidation. Although Wenzel appears to suggest consolidation for purposes of a preliminary pretrial conference, he failed to address the relevant considerations to support consolidation. In addition, to the extent Wenzel is seeking separate relief, beyond the scope of the potential consolidation order, he must file a separate motion for that purpose. LR 7.1(a)(1).

The personal injury action, 11-cv-327-JL, and Wenzel's declaratory judgment action, 11-cv-335-JD, will not be consolidated.

II. Declaratory Judgment Actions

NUFIC, with the assent of NGMIC, moves for consolidation of the declaratory judgment actions, <u>National Union Fire Insurance Company of Pittsburgh, PA v. National Grange Mutual Insurance Company and Cody Wenzel</u>, 11-cv-303-JD (D.N.H. filed June 23, 2011), and <u>Wenzel v. National Union Fire Insurance Company of Pittsburgh, PA, and National Grange Mutual Insurance Company</u>, 11-cv-335-JD (D.N.H. removed July 11, 2011). In support, NUFIC points out that the two cases involve the same parties and the same dispute about the coverage under the same insurance policies. In his objection, Wenzel states only that the cases

are separate and that consolidation would be inappropriate and inefficient, without providing any explanation.

Because the declaratory judgment actions appear to raise common legal issues of policy interpretation and likely would share factual issues, if any were to arise, consolidation is appropriate.

## Conclusion

The parties have filed timely objections to the potential consolidation order (document no. 4 in 11-cv-335-JD and documents 2 and 3 in 11-cv-327-JL). For the reasons stated in this order, <u>Wenzel v. Great Lakes Hydro America, LLC</u>, 11-cv-327-JL (D.N.H. removed July 5, 2011), and <u>Wenzel v. National Union Fire Insurance Company of Pittsburgh, PA, and National Grange Mutual Insurance Company</u>, 11-cv-335-JD (D.N.H. removed July 11, 2011), are not consolidated.

The motion to consolidate the declaratory judgment actions (document no. 8 in 11-cv-303-JD and document no. 9 in 11-cv-335-JD) is granted. <u>National Untion Fire Insurance Company of Pittsburgh, PA v. National Grange Mutual Insurance Company and Cody Wenzel</u>, 11-cv-303-JD (D.N.H. filed June 23, 2011), and <u>Wenzel v. National Union Fire Insurance Company of Pittsburgh, PA, and National Grange Mutual Insurance Company</u>, 11-cv-335-JD

(D.N.H. removed July 11, 2011), are consolidated for all purposes.

    SO ORDERED.

                                          _/s/ Joseph A. DiClerico, Jr._
                                          Joseph A. DiClerico, Jr.
                                          United States District Judge

September 1, 2011

cc:  Christopher E. Grant, Esq.
     Alexander G. Henlin, Esq.
     Elizabeth L. Hurley, Esq.